UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL SCHWARTZ,<br><br>Defendant. | No. 2:17-cr-00111-TLN<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

This matter is before the Court pursuant to Defendant Paul Schwartz's ("Schwartz") Motion for Temporary Restraining Order ("TRO"). (ECF No. 7.)

Schwartz was convicted of Conspiracy to Distribute and Receive Child Pornography, in violation of 18 U.S.C. § 2252(b)(1). (ECF No. 2 at 1.) After release from custody, jurisdiction was transferred from the United States Probation Office in the Western District of Pennsylvania to the Eastern District of California, where Schwartz now resides. (ECF No. 2 at 1.)

Schwartz filed a motion to modify conditions of supervision, arguing, among other things, that a condition that requires him to inform employers of computer restrictions imposed upon him hinders his ability to meet the condition that requires him to seek full-time employment. (ECF No. 6. at 8.) Schwartz argues this is the only way an employer would learn of his over seven-year-old conviction and employers withdraw when they learn of it. (ECF No. 6 at 8.) Further, Schwartz argues there is no benefit to the condition because he currently has no restrictions on

1

computer use for or at work, so he is obligated to inform employers that he has no restrictions, which prompts confusion and then questions from the employer. (ECF No. 6 at 8–12.)

Schwartz also filed the instant motion for a TRO requesting the Court enjoin "all persons acting on [the Government's] behalf" from enforcing condition number 11, the condition concerning disclosure to employers or potential employers of any computer related restrictions. (ECF No. 7 at 4–5.) A TRO is a mechanism available under the local civil rules, Local Rule 231, and the Federal Rules of Civil Procedure, Rule 65. Schwartz cites no authority for use of a TRO to modify the conditions of supervised release following a criminal conviction. A defendant may move for a reduction or modification to his term of probation or supervised release. Fed. R. Crim. P. 32.1(c). Schwartz has already filed a motion to modify his supervised release. (ECF No. 6.) The Court will address Schwartz's concerns regarding the conditions of his supervised release in the Court's ruling on his motion to modify.

Accordingly, the Court hereby DENIES Schwartz's Motion for Temporary Restraining Order, (ECF No. 7).

IT IS SO ORDERED.

Dated: August 22, 2018

Troy L. Nunley
United States District Judge