| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>    v.<br><br>PAUL SCHWARTZ,<br><br>            Defendant. | No. 2:17-cr-00111-TLN<br><br>**ORDER** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court on Defendant Paul Schwartz's ("Defendant") Request for Modification of the Conditions or Terms of Supervised Release. (ECF No. 6.) The Government filed an opposition. (ECF No. 11.) Defendant filed a reply. (ECF No. 12.) For the reasons set forth below, Defendant's Request for Modification is GRANTED IN PART and DENIED IN PART. (ECF No. 6.)

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2011, Defendant pleaded guilty before a district court in the Western District of Pennsylvania to one count of conspiracy to receive and distribute child pornography in violation of 18 U.S.C. § 2252(b)(1). (ECF No. 5 at 5.) The district court sentenced Defendant to 84 months of imprisonment followed by a lifetime of supervised release. (*Id.* at 6–10.)

During his imprisonment, Defendant requested to reside in the Eastern District of California upon release. (ECF No. 6 at 39.) The United States Probation Office for the Eastern District of California requested modified conditions of supervised release as a prerequisite to Defendant's relocation. (*Id.* at 38.) Defendant waived his right to a hearing on the modified conditions and accepted those conditions. (*Id.* at 41–42.) Defendant commenced supervised release on April 24, 2017. (ECF No. 2 at 1.) On August 1, 2018, Defendant, proceeding *pro se*, filed the instant request to modify conditions of his supervised release. (ECF No. 6.)

## II. STANDARD OF LAW

Courts may modify conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3582(e)(2). "District courts have significant discretion in crafting conditions of supervised release pursuant to 18 U.S.C. § 3583(d)." *United States v. Quinzon*, 643 F.3d 1266, 1270 (9th Cir. 2011). However, such conditions must: (1) be reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a). *Id.* at 1270–71; 18 U.S.C. § 3583(d)(1)–(3).

"In sum, conditions are permissible if they are reasonably related to . . . deterrence, protection of the public, or rehabilitation of the offender, taking into account the offender's history and personal characteristics, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008).

///

**III. ANALYSIS**

Defendant asks the Court to modify ten conditions of supervised release.[1] (ECF No. 6 at 1.) The Court will address each of Defendant's requests in turn.

A. Travel

Defendant first takes issue with the following standard travel condition: "Defendant shall not leave the judicial district without the permission of the court or the probation officer." (*Id.* at 27); *see also* U.S.S.G. § 5D1.3(c)(3).

Defendant emphasizes that he lives only 40 miles from the border of the Northern District of California, where he has friends, doctors, and "work sources," and he also has family and friends in other states. (ECF No. 6 at 5.) Defendant argues that his conviction did not include solicitation or travelling to another state to have sex with a minor. (*Id.* at 5.) Defendant also argues that probation does not respond to his travel requests in a timely manner and has denied his travel requests without justification.[2] (ECF No. 12 at 4.)

It appears that Defendant's primary issue with the travel condition is the discretion it gives to his probation officer. However, courts often give probation officers considerable discretion. *See United States v. Stephens*, 424 F.3d 876, 880–81 (9th Cir. 2005) ("Congress has given probation officers broad statutory authority to supervise offenders and to enforce a sentencing court's terms and conditions of supervised release and probation."); *see also* 18 U.S.C. § 3603. Indeed, Congress has explicitly approved a probation officer's ability to grant or deny a defendant's travel requests. Under 18 U.S.C. § 3563(b)(14), a court may require a defendant to "remain within the jurisdiction of the court, unless granted permission to leave by the court or a

---

[1] The Court notes that in Defendant's introduction, he asserts that he only had two options prior to his release: agree to the Eastern District of California's modified terms or be homeless in Pennsylvania. (ECF No. 6 at 3.) Assuming Defendant is arguing that his acceptance of the modified conditions was involuntary, Defendant fails to develop such an argument. The only evidence before the Court is Defendant's signed waiver, which explicitly states that Defendant waived his right to a hearing and accepted the conditions voluntarily. (ECF No. 6 at 41.) Absent any evidence to the contrary and to the extent the waiver is even relevant to the instant motion, the Court concludes that the waiver was voluntary and effectively executed.

[2] Defendant also argues that the standard travel condition is vague. "A condition of supervised release violates due process if it uses terms so vague that it 'fail[s] to give a person of ordinary intelligence fair notice that it would apply to the conduct contemplated.'" *United States v. Ochoa*, 932 F.3d 866, 869 (9th Cir. 2019) (citation omitted). The Court finds that the standard travel condition is not vague because it gives clear notice that Defendant cannot travel without permission from his probation officer or the Court.

3

probation officer." *See also* U.S.S.G. § 5D1.3(c)(3).

The standard travel condition as written is reasonably related to public protection because it allows a probation officer to effectively monitor Defendant's whereabouts and activities in order to assess potential risks Defendant might pose during travel. *See* 18 U.S.C. § 3553(a)(2)(C). The travel condition is particularly appropriate here because Defendant's conviction involved conspiring with others to sexually exploit children through the receipt and distribution of child pornography, and many of Defendant's co-conspirators are located throughout the United States and specifically in the Northern District of California. The evidence also showed that Defendant attempted to meet with at least one of those co-conspirators during his offense conduct. Based on the risks Defendant poses, the standard travel condition involves no greater deprivation of liberty than is reasonably necessary to protect the public, especially because it allows Defendant to travel if he gets approval from his probation officer.

Defendant asks the Court to allow him to travel out of state without asking permission from probation or the Court. (ECF No. 6 at 5.) Defendant also asks the Court to allow him to travel anywhere in California without even notifying probation. (*Id.*) Yet Defendant provides no basis — other than his own personal inconvenience — for effectively removing the well-supported standard travel condition. Although Defendant alleges his probation officer has unfairly denied his travel requests, Defendant fails to provide sufficient evidence to convince the Court that his probation officer acted improperly.

For these reasons, the Court DENIES Defendant's request to modify the standard travel condition.

### B. Work Requirement

Defendant challenges the standard work condition, which states, "Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons." (*Id.* at 27); *see also* U.S.S.G. § 5D1.3(c)(7).

Defendant asks the Court to remove this condition because his conviction was not related to financial gain. (ECF No. 6 at 6.) Defendant also argues that he does not owe any fines or restitution and has the legal means to support himself without the need for life-long employment.

(*Id.* at 6.) In opposition, the Government asserts that the work condition is a standard condition that is necessary because Defendant needs to be able to afford sex offender treatment and mental health treatment. (ECF No. 11 at 5.)

The Government's justification for the work condition is unpersuasive because, as Defendant points out, a person may be financially capable of affording therapy without having to work. However, despite the Government's insufficient justification, the standard work condition is otherwise well-supported. Under 18 U.S.C. § 3563(b)(4), a court may require a defendant to "work conscientiously at suitable employment," and the work condition is reasonably related to public protection and rehabilitation by providing defendants with a structured, productive routine. *See* 18 U.S.C. §§ 3553(a)(2)(C)–(D).

In this case, the Court believes that gainful employment will prevent Defendant from becoming involved with child pornography by keeping him productively occupied. Further, the condition does not deprive Defendant's liberty greater than is reasonably necessary to protect the public and promote his rehabilitation because it allows Defendant to seek an excuse from the work requirement for "schooling, training, or other acceptable reasons." (ECF No. 6 at 27.)

The Court therefore DENIES Defendant's request to modify the standard work condition.

### C. Communicating or Interacting with a Felon

Defendant next challenges the following standard condition: "Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer." (*Id.*); *see also* U.S.S.G. § 5D1.3(c)(8).

Defendant asks the Court to modify this condition because it prevents him from communicating or interacting with his sister-in-law or brother. (ECF No. 6 at 6.) The Government states that it does not oppose Defendant's interaction with family, but Defendant has not provided the requisite information that would allow the probation officer to determine whether there is any reason to prohibit the conduct. (ECF No. 11 at 5–6.)

Again, Defendant challenges a well-established standard condition. Under 18 U.S.C. § 3563(b)(6), a court may require a defendant to "refrain from . . . associating unnecessarily with

specified persons," and such a condition is reasonably related to deterrence of future criminal conduct and protection of the public by preventing negative relationships. *See* 18 U.S.C. §§ 3553(a)(2)(B)–(C). Here, it is especially appropriate to limit Defendant's association with felons or people engaged in criminal activity because Defendant's conviction involved a network of individuals who encouraged each other to receive and distribute child pornography. The Court also finds that the condition does not deprive more liberty than is reasonably necessary because the condition only limits interaction with people Defendant knows are engaging in criminal activity, and it allows Defendant to communicate with felons if he gets approval from his probation officer.

Although Defendant alleges that his probation officer told him he could not communicate or interact with his sister-in-law or brother, Defendant has not presented the Court with sufficient evidence to decide whether Defendant should be permitted to do so. Regardless, Defendant does not ask the Court to modify the condition narrowly to allow Defendant to interact with his sister-in-law and brother. Rather, he asks the Court to allow Defendant to associate with *any* person, including felons, so long as they are not engaged in criminal activity. (ECF No. 12 at 6.) The Court finds no basis for making such a drastic change.

For the foregoing reasons, the Court DENIES Defendant's request to modify the standard condition restricting his contact with felons or people engaged in criminal activity.

### D. Possessing a Firearm, Destructive Device, or Other Dangerous Weapon

Defendant contests the weapons condition, which states, "Defendant shall not possess a firearm, destructive device, or any other dangerous weapon." (ECF No. 6 at 25); *see also* U.S.S.G. § 5D1.3(c)(10).

Defendant asserts that the weapons condition is unreasonable because Defendant's conviction was not a violent offense, he has no history of violence, and he has been cooperative. (ECF No. 6 at 6; ECF No. 12 at 6.) Defendant also argues the condition prevents him from possessing household items or items that are meant for individual protection, such as a four-ounce bottle of pepper spray. (ECF No. 6 at 7.) Defendant asks the Court to modify the condition to define a "destructive device" as any explosive, incendiary, or poison gas, bomb, grenade, rocket

1  having a propellant charge of more than four ounces.  (*Id.*)

2  To the extent Defendant challenges the weapons condition in general, 18 U.S.C. § 3563(b)(8) allows a court to prevent a defendant "from possessing a firearm, destructive device, or other dangerous weapon." The standard weapons condition is reasonably related to public protection by reducing safety risks to the community and the probation officer.  *See* 18 U.S.C. § 3553(a)(2)(C).

However, Defendant does not ask the Court to remove the weapons condition entirely. Defendant simply asks the Court to include more detailed definitions of prohibited items. But as the Government correctly points out, the terms "destructive device" and "dangerous weapon" are adequately defined in U.S.S.G. § 1B1.1.  (ECF No. 11 at 6.)  Therefore, it is unnecessary for the Court to modify the standard weapons condition to include those definitions.

Accordingly, the Court DENIES Defendant's request to modify the weapons condition.

### E.    Mental Health Treatment

Defendant takes issue with a special condition, which states, "Defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program as approved and directed by the probation officer and as recommended by the assigned treatment provider." (ECF No. 6 at 39); *see also* U.S.S.G. § 5D1.3(d)(5).

Defendant asks the Court to remove the mental health treatment condition.  (ECF No. 6 at 7.) Defendant argues that the condition mandating mental health treatment for life is a financial and practical burden on Defendant. (*Id.*)  Defendant also argues that the condition does not specify the amount or type of therapy required, which improperly leaves the decision to the probation officer. (*Id.*)

Under 18 U.S.C. § 3563(b)(9), a court may order that a defendant "undergo available medical, psychiatric, or psychological treatment, including treatment for drug or alcohol dependency, as specified by the court, and remain in a specified institution if required for that purpose." Here, the condition mandates mental health treatment and allows the probation officer to enforce treatment as recommended by the assigned treatment provider. Courts have upheld similar mental health treatment conditions.  *See*, *e.g.*, *United States v. Fellows*, 157 F.3d 1197,

7

1204 (9th Cir. 1998) ("The court cannot be expected to design and implement the particularities of a treatment program."). Although Defendant alleges that his probation officer requires him to attend more therapy sessions than his therapist recommends, Defendant again fails to provide the Court with sufficient evidence to determine whether the probation officer acted improperly. As written, the condition does not impermissibly delegate authority to the probation officer.

Moreover, the Court finds that the mental health treatment condition is reasonably related to public protection and rehabilitation. *See* 18 U.S.C. § 3553(a)(2)(C)–(D). Based on the disturbing content and considerable quantity of child pornography involved in Defendant's conviction, a lifetime of mental health treatment is justified to ensure that Defendant does not sexually exploit children in the future. Further, the Court finds that such a requirement does not deprive Defendant of greater liberty than necessary because Defendant's assigned treatment provider presumably will adjust his treatment as needed throughout his life.

Rather than modify the mental health treatment condition, the Court will simply clarify it: probation has discretion to determine how, when, and where mental health treatment is to occur, but it can only adjust the modality, duration, and intensity of Defendant's treatment based on the recommendation of the assigned treatment provider.

The Court thus DENIES Defendant's request to remove the mental health treatment condition.

### F. Financial Reporting

Defendant next asks the Court to remove the financial reporting condition, which states, "Defendant shall provide the probation officer with access to any requested financial information." (ECF No. 6 at 38); *see also* U.S.S.G. § 5D1.3(d)(3).

Defendant contends that this condition causes undue burden and is improper because Defendant did not commit a financial crime. (ECF No. 6 at 8.) Defendant also argues that the requirement unnecessarily invades his spouse's privacy because they share a joint bank account. (*Id.*) In opposition, the Government responds that Defendant's financial reporting condition is required because it helps probation impose and monitor Defendant's financial obligation to pay for therapy. (ECF No. 11 at 8.)

"[W]hen the government seeks to restrict a defendant's liberty through a term of supervised release, it shoulders the burden of proving that a particular condition of supervised release involves no greater deprivation of liberty than is reasonably necessary to serve the goals of supervised release." *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006). Here, the Government has not met its burden. The Government fails to adequately explain how a financial reporting condition is reasonably related to deterrence, public protection, or rehabilitation in the context of Defendant's child pornography conviction. Even assuming Defendant's financial obligation to pay for therapy was a legitimate concern, the condition restricts Defendant's liberty far more than is reasonably necessary. As written, the financial reporting condition gives Defendant's probation officer limitless authority to request Defendant's financial information, regardless of whether he is adequately paying his therapy fees.

Thus, the Court GRANTS Defendant's request to remove the financial reporting condition and VACATES that condition.

### G. Third Party Notification

Defendant asks the Court to remove a special condition, which states in relevant part, "Defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed on him." (ECF No. 6 at 39.)

The thrust of Defendant's argument is that the special notification condition gives too much discretion to his probation officer. (*Id.* at 9–10.) Defendant argues that even though his probation officer told him there are no restrictions for work computers, Defendant is still required to inform his employer or potential employer that he has "no computer restrictions at work." (*Id.* at 8.) Defendant asserts that the condition effectively prohibits him from engaging in specific occupations, is not reasonably related to his conviction, and improperly informs employers about his felony background. (*Id.* at 9.)

The special notification condition, which only encompasses computer restrictions, seems to be a more tailored version of the standard notification condition. *See* U.S.S.G. § 5D1.3(c)(12). In general, notification conditions are reasonably related to public protection by providing third parties with necessary information to avoid foreseeable risks of harm. *See* 18 U.S.C. §

3553(a)(2)(C). Here, the Court agrees with the Government that Defendant's notification condition is reasonably related to protecting the public, specifically children. Further, because Defendant used a computer and the internet to facilitate his offense, it is reasonably necessary to require Defendant to disclose his computer restrictions when there is a risk Defendant will have access to an unmonitored computer with internet access. Such notification is especially appropriate in a work environment because not all workplaces monitor computer usage, and even routine monitoring may not suffice here considering that Defendant used otherwise legitimate social networking sites to facilitate his offense.

Defendant's arguments about specific actions by his probation officer are difficult to follow. Defendant alleges that he is required to inform his employer or potential employer that he has "no computer restrictions at work." (ECF No. 6 at 8.) But the special notification condition only requires Defendant "to disclose any computer-related restrictions that are imposed on him." (*Id.* at 39.) The condition as written does not require Defendant to notify employers about the *absence* of a restriction. In any event, Defendant fails to provide the Court with sufficient evidence to determine whether the probation officer acted improperly, and the Court is not persuaded to remove the condition on those grounds.

Defendant's argument that notification adversely impacts his employment prospects is similarly unpersuasive. Supervised release inherently deprives defendants of liberty. However, such deprivation is acceptable so long as it is no greater than reasonably necessary to achieve an accepted statutory purpose. *Goddard*, 537 F.3d at 1089. As discussed, the Court finds that the condition requiring notification of Defendant's computer restrictions does not deprive Defendant of greater liberty than is reasonably necessary to protect the public from Defendant's sexual exploitation of children.

Therefore, the Court DENIES Defendant's request to modify the notification condition.

H. <u>Loitering</u>

Defendant challenges a special condition, which states in relevant part, "Defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18." (ECF No. 6 at 38.)

Defendant argues that he has not been accused or convicted of soliciting or harming a child or for producing child pornography. (*Id.* at 13.) Defendant asserts the condition leaves too much to the probation officer's discretion, and his probation officer has interpreted the condition to include national or state parks, dog parks, libraries, beaches, sporting events, candy stores, pools, and various other locations. (*Id.*) Defendant asks the Court to replace the current condition with the original condition, which stated, "Except for brief, unanticipated, and incidental contacts, Defendant shall not associate with minors under the age of 18 unless minors are in the presence of an adult or guardian." (*Id.*)

Under 18 U.S.C. § 3563(b)(6), a court may ban a defendant "from frequenting specified kinds of places." Based on the volume and content of child pornography involved in Defendant's offense conduct, it is clear Defendant has a demonstrated sexual interest in children. Banning Defendant from "places primarily used by children" not only reduces the risk of danger to children, but it also lowers the risk that Defendant will relapse. As such, the loitering condition is reasonably related to public protection and rehabilitation. *See* 18 U.S.C. § 3553(a)(2)(C)–(D).

Moreover, the Ninth Circuit has upheld this exact condition under similar facts. *United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008) (finding the defendant's possession of child pornography suggested that the defendant had a sexual interest in children — regardless of whether he acted on that interest — such that the loitering restriction was proper). Indeed, the Ninth Circuit has indicated that "even very broad [loitering] conditions are reasonable if they are intended to promote the probationer's rehabilitation and to protect the public." *United States v. Bee*, 162 F.3d 1232, 1236 (9th Cir. 1998).

The Court therefore DENIES Defendant's request to modify the place/contact restriction.

I. <u>Viewing Sexually Explicit Materials</u>

Defendant contests a special condition, which states in relevant part, "Defendant shall not possess, own, use, view, or read material depicting and/or describing sexually explicit conduct." (ECF No. 6 at 39.) The condition also describes what constitutes "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2). (*Id.*)

Defendant again argues that the condition gives his probation officer too much discretion.

For example, Defendant argues that his probation officer forced him to remove books about fine art and does not allow him to subscribe to Showtime or HBO. (*Id.* at 14.) Defendant also asserts the condition unfairly extends to his spouse, who can no longer possess books, magazines, or other media that might include nudity. (*Id.*) According to Defendant, probation officers should not recommend this condition until there has been an assessment of sexual deviance and risk by an offense-specific treatment provider. (*Id.* at 14–15.) Defendant states that two mental health professionals evaluated him to be a very low risk. (*Id.* at 15.) Defendant therefore asks the Court to replace the current condition with the original condition: "Defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing child pornography as defined at 18 U.S.C. § 2256(8)." (*Id.*)

The Court finds that Defendant's condition as written is reasonably related to rehabilitation. *See* 18 U.S.C. § 3553(a)(2)(D). Defendant was in possession of images depicting adult men engaged in sex with boys and girls, and he discussed meeting up with adult males and expressed a desire to include boys. Allowing Defendant to possess any sexually explicit materials may cause Defendant to slip back into old habits. Defendant's self-interested assertion that he presents a low risk of sexual deviance is unconvincing. The Court therefore finds that the condition does not deprive Defendant of greater liberty than reasonably necessary to aid his rehabilitation. *See Daniels*, 541 F.3d at 927 ("A defendant's right to free speech may be abridged to effectively address his sexual deviance problem.") (citation omitted).

Moreover, as with the loitering condition, the Ninth Circuit in *Daniels* upheld an identical condition under similar facts. *Daniels*, 541 F.3d at 927–28 (rejecting the defendant's argument that he should not be prohibited from possessing legal adult pornography because he was convicted only of possession of child pornography); *see also United States v. Rearden*, 349 F.3d 608, 619–20 (9th Cir. 2003) (approving a condition that prohibited a defendant who had been convicted of shipping child pornography over the internet from possessing "any materials depicting sexually explicit conduct [including images of adults] as defined in 18 U.S.C. § 2256(2)"). The *Daniels* court also emphasized that the phrase "sexually explicit conduct" is neither vague nor overbroad. 541 F.3d at 927.

For these reasons, the Court DENIES Defendant's request to modify his condition restricting access to sexually explicit materials.

### J. Computer and Internet Access

Finally, Defendant challenges a special condition, which states, "Defendant shall not possess or use a computer or any device that has access to any 'online computer service' unless approved by the probation officer." (ECF No. 6 at 38.)

Defendant argues that the current condition leaves too much power with the probation officer and results in a complete or partial internet ban. (*Id.* at 16.) More specifically, Defendant argues that his probation officer prevents him from using the internet to pay bills, access the United States Postal Service website, shop online, or join social media. (*Id.*) Defendant asserts he did not use a computer to solicit or endanger a child, and thus the condition is more restrictive than necessary. (*Id.*) As such, Defendant asks the Court to replace the current condition with the original condition, which would allow him to use and own a computer with internet access subject to monitoring. (*Id.*)

The Ninth Circuit has emphasized that there is a "strong link between child pornography and the internet." *Rearden*, 349 F.3d at 621. Here, Defendant used a legitimate social networking site to receive child pornography and make it available to other members of a private group on the site. Because the internet was central to Defendant's conviction, restricting Defendant's internet access is reasonably related to deterrence, public protection, and rehabilitation. *See* 18 U.S.C. § 3553(a)(2)(B)–(D). The Court also finds that the condition does not deprive more liberty than is reasonably necessary to achieve those purposes because it allows a probation officer to approve appropriate online access. Indeed, the Ninth Circuit has repeatedly upheld total bans on computer usage when the offense at issue is related to child pornography. *See*, *e.g.*, *Rearden*, 349 F.3d at 620–22; *Goddard*, 537 F.3d at 1090; *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005).

The Court therefore DENIES Defendant's request to modify the condition restricting his internet access.

///

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's request to modify the financial reporting condition and VACATES that condition. The Court DENIES Defendant's requests as to all remaining conditions of supervised release. (ECF No. 6.)

IT IS SO ORDERED.

Dated: December 18, 2019

Troy L. Nunley
United States District Judge