UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No.  2:17-cr-00111-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| PAUL SCHWARTZ, | |
| Defendant. | |

This matter is before the Court on Defendant Paul Schwartz's ("Defendant") Request for the Court to Approve the Use of a Monitored Smartphone.  (ECF No. 18.)  The Government filed a response.  (ECF No. 19.)  Defendant did not file a reply.  For the reasons set forth below, Defendant's request is DENIED without prejudice.

///

///

///

///

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2011, Defendant pleaded guilty before a district court in the Western District of Pennsylvania to one count of conspiracy to receive and distribute child pornography in violation of 18 U.S.C. § 2252(b)(1).  (ECF No. 5 at 5.)  The district court sentenced Defendant to 84 months of imprisonment followed by a lifetime of supervised release.  (*Id.* at 6–10.)

During his imprisonment, Defendant requested to reside in the Eastern District of California upon release.  (ECF No. 6 at 39.)  The United States Probation Office for the Eastern District of California requested modified conditions of supervised release as a prerequisite to Defendant's relocation.  (*Id.* at 38.)  Defendant waived his right to a hearing on the modified conditions and accepted those conditions.  (*Id.* at 41–42.)  Defendant commenced supervised release on April 24, 2017.  (ECF No. 2 at 1.)

On May 18, 2020, Defendant filed the instant *pro se* request for this Court to approve his use of a monitored smartphone.  (ECF No. 18.)  Defendant does not cite any legal authority for his request, but the Court construes Defendant's request as one brought under 18 U.S.C. § 3582(e)(2).

## II.   STANDARD OF LAW

Courts may modify conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release."  18 U.S.C. § 3582(e)(2).  "District courts have significant discretion in crafting conditions of supervised release pursuant to 18 U.S.C. § 3583(d)."  *United States v. Quinzon*, 643 F.3d 1266, 1270 (9th Cir. 2011).  However, such conditions must: (1) be reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).  *Id.* at 1270–71; 18 U.S.C. § 3583(d)(1)–(3).

"In sum, conditions are permissible if they are reasonably related to . . . deterrence, protection of the public, or rehabilitation of the offender, taking into account the offender's history and personal characteristics, and involve no greater deprivation of liberty than is

2

1    reasonably necessary for the purposes of supervised release." *United States v. Goddard*, 537 F.3d

2    1087, 1089 (9th Cir. 2008).

3        **III.    ANALYSIS**

4        Defendant challenges one of the special conditions of his supervised release, which states

5    in relevant part, "Defendant shall not possess or use a computer or any device that has access to

6    any 'online computer service' unless approved by the probation officer."  (ECF No. 18 at 3.)

7    According to Defendant, his probation officer approved him to have a monitored smartphone or a

8    monitored computer, but not both.  (*Id.* at 5.)  Defendant argues he needs both a monitored

9    smartphone and monitored computer in order to earn a living, access medical care, and be a

10   contributing member of society.  (*Id.*)

11       In response, the Government argues that after Defendant filed the instant request, the

12   probation officer gave Defendant permission to use a smartphone with installation of monitoring

13   equipment.  (ECF No. 19 at 2.)  The Government therefore argues Defendant's request is moot

14   and should be denied without prejudice.  (*Id.*)

15       At the outset, it is well-established there is a "strong link between child pornography and

16   the internet."  *United States v. Rearden*, 349 F.3d 608, 621 (9th Cir. 2003) (citation omitted).

17   Here, Defendant used a legitimate social networking site to receive child pornography and make

18   it available to other members of a private group on the site.  Because the internet was central to

19   Defendant's offense, restricting Defendant's internet access is reasonably related to deterrence,

20   public protection, and rehabilitation.  *See* 18 U.S.C. § 3553(a)(2)(B)–(D).  Indeed, the Ninth

21   Circuit has repeatedly upheld total bans on computer usage when the offense at issue is related to

22   child pornography.  *See*, *e.g.*, *Rearden*, 349 F.3d at 620–22; *Goddard*, 537 F.3d at 1090; *United*

23   *States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005).  As such, the Court finds the condition as

24   written does not deprive Defendant of more liberty than is reasonably necessary.

25       To the extent Defendant challenges the probation officer's application of the condition, it

26   bears mentioning that courts often give probation officers considerable discretion.  *See United*

27   *States v. Stephens*, 424 F.3d 876, 880–81 (9th Cir. 2005) ("Congress has given probation officers

28   broad statutory authority to supervise offenders and to enforce a sentencing court's terms and

conditions of supervised release and probation."); *see also* 18 U.S.C. § 3603.  Moreover, the only evidence Defendant provides to suggest the probation officer denied his request is a single sentence from an email between Defendant and the probation officer.  (ECF No. 18 at 6.)  In the email, the probation officer does not expressly reject Defendant's request.  (*Id.*)  Rather, she simply asks whether Defendant wants a smartphone in lieu of a laptop.  (*Id.*)  Based on the information provided by the Government, it appears the probation officer has since granted permission for Defendant's use of a smartphone with installation of monitoring.  (ECF No. 19-1.) Defendant did not file a reply to the Government's response.  Absent any argument or evidence to the contrary, the Court concludes Defendant's request has been granted by the probation officer and thus his instant request is moot.

Accordingly, the Court DENIES Defendant's motion without prejudice so that he may file another request with the Court if he feels it is necessary in the future.

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES as moot Defendant's Request for the Court to Approve the Use of a Monitored Smartphone.  (ECF No. 18.)

IT IS SO ORDERED.

DATED:  June 5, 2020

_____
Troy L. Nunley
United States District Judge